# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| BREIA WEILAND, | \* |
| *on behalf of her minor child, B.W.,* | \*   No. 24-689V |
| | \* |
| Petitioner, | \* |
| | \*   Special Master Christian J. Moran |
| v. | \* |
| | \*   Filed: September 15, 2025 |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Nathan Joseph Marchese, Siri & Glimstad, LLP, Los Angeles, CA, for petitioner;
Ryan Daniel Pyles, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Petitioner, Breia Weiland, filed a petition for compensation on April 30, 2024. Ms. Weiland alleged that the DTaP, Hepatitis B, and Hib vaccinations her child B.W. received on September 7, 2023, caused B.W. to develop movement disorder/seizures. On August 26, 2025, Ms. Weiland filed a motion for a decision dismissing her petition.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

## I. **Procedural History**

Ms. Weiland filed her petition on April 30, 2024, alleging that the DTaP, Hepatitis B, and Hib vaccinations B.W. received on September 7, 2023, caused B.W. to develop movement disorder/seizures. She filed medical records over the next several months. The case was reassigned to the undersigned on November 14, 2024, and deadlines were then set for the Secretary's Rule 4(c) Report and for petitioner's expert report. Order, issued Nov. 27, 2024.

The Secretary filed his Rule 4(c) Report on February 10, 2025, arguing against compensation. The Secretary argued that the record did not preponderantly support that B.W. had a seizure disorder, "only that B.W. experienced symptoms of an ill-defined 'movement disorder,' which is not a cognizable injury." Resp't's Rep. at 8-9. The Secretary also contended that, even if B.W. experienced seizures at some point, "there is no evidence that the alleged seizures resulted in sequelae lasting more than six months after vaccination." Id. at 9. Finally, the Secretary argued that Ms. Weiland had not satisfied any of the Althen prongs. Id. at 10.

Ms. Weiland retained new counsel in January 2025. She changed counsel within the same firm in March 2025. On June 25, 2025, two days before the deadline for her expert report, Ms. Weiland moved for a 60-day extension of time. The motion was denied without prejudice to renew, as Ms. Weiland had not provided a reason for the extension, nor shown that she had worked diligently to meet the deadline. Order, issued June 27, 2025. Ms. Weiland renewed her motion, explaining that her counsel retained an expert in April, and the expert required additional time. Pet'r's Mot., filed July 11, 2025. The motion was granted, setting a deadline of August 26, 2025. Order, issued July 16, 2025.

On August 26, 2025, instead of filing an expert report, Ms. Weiland filed a motion to dismiss her case, stating that "an investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." The Secretary filed a response on September 2, 2025, advising that he did not oppose dismissal.

## II. **Analysis**

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a

2

"Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

In this case, Ms. Weiland filed medical records in support of her claim.  Nevertheless, Ms. Weiland wishes to have her claim dismissed and judgment entered against her.  Given Ms. Weiland's clear intent that a judgment issue in this case, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law."  For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim.  Petitioners bear a burden to show by a preponderance of the evidence that the vaccination brought about their injury by providing: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury.  Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Ms. Weiland did not obtain a report from an expert proposing a theory causally connecting the vaccinations and B.W.'s alleged injury.  Therefore, Ms. Weiland has not met her burden under the first Althen prong.

**Thus, this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

                                                s/Christian J. Moran
                                                Christian J. Moran
                                                Special Master